402 A.2d 1379

COMMONWEALTH of Pennsylvania

v.

David RANSOME, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 17, 1979.
Decided July 6, 1979.

Paul F. Lantieri, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

On January 5, 1976, Steven Johnson was stabbed and killed in what was apparently a gang related altercation in North Philadelphia. Appellant, David Ransome, was arrested on January 6, 1976, and charged with murder, aggravated assault, possession of an instrument of crime, and criminal conspiracy. He was tried before a judge, sitting without a jury, and was convicted of murder in the third degree, aggravated assault, and criminal conspiracy. He was found not guilty of possession of an instrument of crime. Post-verdict motions were denied, and sentence of seven and one-half to twenty years imprisonment was imposed for the murder conviction, with concurrent sentences of three to six

years and five to ten years imprisonment being imposed for the aggravated assault conviction and the conspiracy conviction. Appropriate appeals were then taken to this Court from the murder judgment, and to the Superior Court from the non-homicide judgments. The Superior Court transferred the latter appeals to us. This consolidated appeal followed, with appellant now being represented by counsel other than trial counsel.

Appellant contends: (1) that the evidence was insufficient as a matter of law to sustain the trial court's finding of guilt of murder in the third degree; and (2) that appellant was denied the right to the effective assistance of counsel at trial when his trial counsel failed to file a pretrial motion to suppress certain identification testimony.

Our task, when called upon to review the sufficiency of the evidence, is to determine whether all the elements of the crime charged have been proven beyond a reasonable doubt. Because the factfinder is free to believe all of, part of, or none of the evidence, we view all the evidence, and all inferences properly deducible from that evidence, in the light most favorable to the prosecution as verdict winner. *Commonwealth v. Horton,* 485 Pa. 115, 401 A.2d 320 (1979); *Commonwealth v. Toney,* 474 Pa. 243, 378 A.2d 310 (1977); *Commonwealth v. Rose,* 463 Pa. 264, 344 A.2d 824 (1975). The facts surrounding the crimes for which appellant was convicted, when viewed in the light most favorable to the prosecution, established that the decedent and two others were walking down a street in North Philadelphia when they were attacked by appellant and eleven other assailants. Several of the attackers were armed with knives. The decedent died of a stab wound received in the assault. The evidence also showed that appellant was one of the organizers of the attack as well as a participant in the actual assault.

The crux of appellant's argument is that the prosecution's evidence failed to show that the scope of the conspiratorial agreement—of which appellant was admittedly a par-

ticipant—extended to the use of deadly weapons. Specifically, appellant points to the testimony of a prosecution witness indicating that some time prior to the incident in question, appellant had been stabbed in another apparent gang altercation; that one of the assailants had declared, just prior to the incident, that "they . . . was going down there to get the boys who stabbed [appellant]," and that appellant had instructed his fellow attackers that, "when he tell everybody move back because he going to start swinging." The inference appellant would draw from these statements is that appellant intended only to engage in a fist fight. Appellant overlooks other testimony by a prosecution witness which indicates that the conspiracy went beyond a mere agreement to engage in a fist fight. This witness was asked if he had heard any conversation regarding *weapons* as the group was discussing plans just prior to the group's departure. *The witness replied "yes,"* and when asked what he had heard said one of the group asked in appellant's presence, "if everybody got their stuff." The factfinder could reasonably have inferred from this remark made in appellant's presence that some in the group were carrying weapons and appellant was aware of this fact. Appellant's contention that the evidence was insufficient must therefore fail; his guilt of the crimes of murder in the third degree, aggravated assault, and conspiracy was established beyond a reasonable doubt regardless of whether or not he personally stabbed the decedent.

■ Appellant's second contention is that he was denied effective assistance of counsel by his trial counsel's pre-trial failure to seek to suppress an informal identification of appellant by Antonio Parsons, a witness to the killing, and by trial counsel's failure to properly object to the in-court identification of appellant by Parsons. The failure to file a suppression motion may be evidence of ineffective assistance of counsel. *Cf., Commonwealth v. Roundtree*, 469 Pa. 241, 249, 364 A.2d 1359, 1363–64 (1976). However, if the grounds underpinning the suppression motion or objection are without merit, counsel will not be deemed to have been ineffec-

tive in failing to so move or object. *Commonwealth v. Martin*, 479 Pa. 63, 68, 387 A.2d 835, 837 (1978); *Commonwealth v. Smith*, 478 Pa. 76, 80, 385 A.2d 1320, 1323 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977).

Parsons was called to testify by the prosecution during its case in chief. He identified appellant as one of the participants in the attack which caused the death of Steven Johnson. On cross-examination, Parsons stated that he first told police that appellant was one of the assailants when he saw appellant at appellant's preliminary hearing of these charges. Parsons was present in the preliminary hearing room waiting to be called as a witness. He testified that he recognized appellant as one of the attackers when he saw appellant seated in the courtroom together with other males. Appellant, who was represented by counsel at the time, chose to waive the preliminary hearing. Consequently, Parsons did not have an opportunity to testify or formally identify appellant at that time. After the hearing was waived a police detective asked Parsons if he had recognized anyone. Parsons replied that he had recognized the appellant as one of the attackers.

Appellant's ineffective assistance claim is based upon his contention that informal preliminary hearing identification was so suggestive as to violate his fifth amendment due process rights. He also contends that his sixth amendment right to counsel was violated by the identification.

Addressing the due process claim first, we recently reviewed this area of the law in *Commonwealth v. Sexton*, 485 Pa. 17, 400 A.2d 1289 (1979). After reviewing recent decisions of the United States Supreme Court, we concluded that the suggestiveness of a challenged confrontation is only one factor to be considered in determining the admissibility of identification testimony. Suggestiveness alone does not warrant exclusion. Instead "[i]t is the likelihood of misidentification which violates a defendant's right to due process, and it is this which [is] the basis of the exclusion of evidence." *Id.,* 485 Pa. 22, 400 A.2d 1291. *Quoting Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

The reliability of a challenged identification is to be judged under a test employing the totality of the circumstances. The factors relevant to determining the reliability of the identification are:

> . . . the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

A review of the record indicates that Parsons' identification of appellant as one of the attackers was not only free from impermissible suggestiveness, it was also reliable. While Parsons was sitting in the courtroom waiting to testify at the preliminary hearing, nothing occurred or was done to point out appellant to Parsons or to distinguish appellant from any of the other males in the courtroom. Because the preliminary hearing was waived, this is not an instance where "the accused is clearly designated by his role in the proceeding as the suspected perpetrator prior to the identification." *Commonwealth v. Sexton*, 485 Pa. 21, 400 A.2d at 1291. Under these circumstances it is hard to understand a claim of suggestiveness. Even if we were to accept appellant's contention that this identification occurred in suggestive circumstances, we cannot accept his claim that the identification was unreliable. The crime took place January 5 at 7 p. m., two houses from a well illuminated street intersection. Parsons was involved in the melee and was himself stabbed, giving him good reason and opportunity to view the assailants with great attention. Parsons correctly described the clothing worn by the appellant and he was sure of his identification of appellant as one of the attackers. The preliminary hearing occurred 17 days after the attack. Under the totality of these circumstances, there was no danger of an irreparable misidentification. Appel-

lant's due process rights therefore were not violated by this identification.

The second part of appellant's claim centers upon his sixth amendment right to counsel during the identification. Although appellant was represented by counsel at the preliminary hearing, his counsel did not know that the informal identification was taking place. In *Commonwealth v. Richman*, 458 Pa. 167, 171–72, 320 A.2d 351 (1974), we held that a defendant has a sixth amendment right to the presence of his attorney at any line up in which the defendant participates following his arrest. Because appellant had already been arrested prior to the preliminary hearing, Parsons' identification of appellant at the preliminary hearing without the knowledge of appellant's counsel was violative of appellant's sixth amendment rights. However, the prosecution did not introduce this identification into evidence; instead it came before the jury in the course of cross examination by appellant. In *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975), this Court was presented with a similar claim of an uncounselled identification in violation of the *Richman* rule. There this Court stated:

> Testimony concerning this identification, however, was brought out not by the Commonwealth but by defense counsel on cross-examination. Appellant may not now complain of the failure to suppress evidence which his own counsel elicited at trial.

*Id.*, 462 Pa. at 589, 342 A.2d at 89.

Appellant's counsel on appeal contends that trial counsel was ineffective for failing to suppress or object to the subsequent identification of appellant by Parsons at appellant's trial. This argument presupposes that the identification at trial was tainted by the earlier preliminary hearing identification. This Court has held that:

> [A]n in-court identification following an illegal out-of-court identification is admissible into evidence if, considering the totality of circumstances, it is determined that the in-court identification had an independent origin 'sufficiently distinguishable to be purged of the primary taint.'

*United States v. Wade*, 388 U.S. 218, 241, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149, 1165 (1967).

*Commonwealth v. Brown*, 462 Pa. at 589, 342 A.2d at 90.

We have earlier evaluated the trial identification by Parsons under the totality of the circumstances test in determining that the identification was reliable. For the same reasons as stated above, we find that, when viewed with the totality of the circumstances, Parsons' identification of appellant as one of the attackers was independent of the preliminary hearing identification and was purged of any taint attendant to the preliminary hearing identification. Having concluded that the objections which were not raised were without merit, it cannot be concluded that trial counsel was ineffective for failing to pursue them.

Judgment of sentence affirmed.

O'BRIEN, J., did not participate in the consideration or decision of this case.

ROBERTS and MANDERINO, JJ., each filed dissenting opinions.

ROBERTS, Justice, dissenting.

I agree with the dissenting opinion of Mr. Justice Manderino that the suggestiveness of the uncounselled pre-trial identification of appellant should have been challenged in a pre-trial motion to suppress. Moreover, I would remand for an evidentiary hearing on whether the in-court identification was tainted by the same, uncounselled pre-trial identification procedure.

The majority concedes that the Commonwealth witness's identification of appellant at the scheduled preliminary hearing was made without counsel's knowledge and in violation of appellant's sixth amendment right to counsel. Nonetheless, the majority reviews the record and, without a prior fact-finding adjudication, summarily concludes that the in-court identification had a source independent of the illegal identification. I cannot agree. "This Court does not sit as a trier of issues of fact, expecting to be persuaded that one or

the other side is more credible. That is only a task for a trial court and we would never invade that area of the judicial process." *Reed v. Univ. C.I.T. Credit Corp.*, 434 Pa. 212, 217, 253 A.2d 101, 104 (1969).

Where, as here, the illegality of the pre-trial identification is established, the federal Constitution and our own cases require the Commonwealth to demonstrate the independence of any in-court identification by clear and convincing evidence. See *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1976). Surely on the basis of this record it cannot be concluded that the witness' in-court identification had an independent basis from the unlawful pre-trial procedure. Thus, the majority erroneously concludes that a motion to suppress the identification would have been wholly without merit and that counsel was not ineffective.

MANDERINO, Justice, dissenting.

I must dissent from the majority's conclusion that trial counsel was not ineffective for failing to file a motion to suppress certain in-court identification testimony.

The prosecution called Antonio Parsons to the witness stand during its case in chief. Parsons identified appellant as one of the participants in the January 5, 1976, attack which caused the death of Steven Johnson. On cross-examination, Parsons stated that he first told police that appellant was one of the assailants when he saw appellant at appellant's preliminary hearing on these charges. Parsons, who was present as a witness in the room in which the preliminary hearing was to be held, testified that he recognized appellant when he saw appellant seated in the courtroom together with other males. Appellant, who was represented by counsel at the time, chose to waive the preliminary hearing, and, therefore, Parsons was not summoned to testify, and made no formal identification at that time. After the hearing was waived, a police detective asked Parsons if

he had recognized anyone, and Parsons replied that he had, identifying appellant.

Identification evidence should not be received at trial if the circumstances of the pretrial confrontation were so infected by suggestiveness as to give rise to a likelihood of misidentification. *Commonwealth v. Turner*, 454 Pa. 520, 314 A.2d 496 (1974) (citing cases). A pretrial confrontation between a witness and the accused at a preliminary hearing is fraught with suggestiveness. Any identification which results from such an occurrence is suspect, and is properly the subject of a pretrial motion to suppress. Trial counsel's failure to make such a motion in the instant case could have had no "reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

The prosecution argues, nevertheless, that appellant's judgment of sentence should be affirmed because, even had trial counsel filed such a motion, it would have properly been denied. The prosecution bases this argument on Parsons' testimony at trial which, according to the prosecution, establishes a sufficient "independent basis" for the in-court identification so that any "taint" caused by the pretrial procedure has been removed. *See, Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1976). I would decline to pass upon this question at this state of the proceedings. Other than the brief factual outline given above, there is no indication in this record as to the circumstances surrounding Parsons' confrontation with appellant at the scheduled preliminary hearing. For example, this Court does not know whether appellant's counsel was aware that there were potential identification witnesses present in the preliminary hearing courtroom, or whether counsel's statements, or other circumstances indicated to those present—including Parsons—that appellant was, in fact, accused of Johnson's murder.

Thus, the nature of the pretrial identification has not been fully defined, and, therefore, its effect on the in-court identification cannot now be determined without additional facts. I would therefore remand the matter to the trial court with

instructions that appellant be allowed to file a motion to suppress the identification testimony. If the trial court concludes that appellant's motion should be granted, then a new trial must be held. If the suppression court denies appellant's motion, he should then be allowed to refile his appeal to this Court.