439 A.2d 786

**COMMONWEALTH of Pennsylvania,**

v.

**Albert LIVERPOOL, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1979.

Filed Jan. 5, 1982.

Franklin A. Wurman, Philadelphia, for appellant.

Val Pleet Wilson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

On December 12, 1977, Appellant was found guilty at a bench trial of Robbery,[1] Recklessly Endangering Another Person,[2] Weapons Offenses,[3] and Possessing an Instrument of Crime,[4] all such charges stemming from an armed robbery perpetrated by Appellant. Post trial motions were filed, argued and denied, and Appellant was sentenced upon the firearms violations to a term of imprisonment of 2 to 5 years to an identical, concurrent sentence upon the possession conviction, and to a 7-year concurrent term of probation upon the robbery conviction. On appeal, Appellant asserts error in the refusal of the suppression court to suppress an in-court identification of Appellant and he also challenges the sufficiency of the evidence.

## I.

To fully comprehend the issue raised by Appellant concerning the assertedly tainted identification, we must briefly recount the facts, and from the trial record we observe the following.

On May 24, 1977, Appellant entered Syreeta's Bar, located at 26th Street and Girard Avenue, in the City of Philadelphia, and took up a position at the bar some three feet from a patron, one William Parsons. The Appellant remained in that position for a period of four or five minutes, as both men watched a television program in progress.

* Judge John Q. Stranahan, of the Court of Common Pleas of Mercer County and Judge Leonard Sugerman, of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. 18 Pa.C.S.A. § 3701.

2. 18 Pa.C.S.A. § 2705.

3. 18 Pa.C.S.A. § 6101, et seq.

4. 18 Pa.C.S.A. § 907.

Another patron, one Elmer Dunbar, then entered the bar, whereupon Appellant produced a handgun and directed Mr. Parsons to go behind the bar and give the money to Appellant. Parsons refused, and Appellant then ordered Mr. Dunbar and Mr. Parsons into the restroom advising Parsons that if he failed to do so, Appellant would "blow" his "head off". Both patrons understandably complied and remained in the restroom for several minutes. Mr. Parsons eventually came out of the restroom and observed that Appellant was gone, along with some liquor and the television set.

The crime was quickly reported to the police and within three hours of the event, Detectives Culbreth and Frome of the Philadelphia Police Department, assigned to the investigation, were advised by the owner of Syreeta's Bar that Appellant was one of the patrons in the bar earlier that night. Upon receiving such information, Detective Culbreth prepared a photographic array from police photographs on file with the Philadelphia Police Department and presented the array to Mr. Parsons within a few hours of the crime. Parsons identified a photograph of Appellant as a photograph of the perpetrator.[5] Appellant was subsequently arrested and a preliminary hearing was scheduled to be held on June 1, 1977.

██ On that date, immediately prior to the hearing, Appellant's counsel requested a lineup. The preliminary hearing judge refused counsel's request, but continued the hearing to a later date. Eight days thereafter, however, the Commonwealth, without notice to Appellant's counsel, conducted a lineup at the Philadelphia Detention Center where Appellant was then incarcerated.[6] Mr. Dunbar, one of the

5. At no stage of the proceedings has Appellant challenged the photographic "lineup" wherein Mr. Parsons identified Appellant as impermissibly suggestive or otherwise infirm. *See, generally, Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Commonwealth v. Griffin,* 271 Pa.Super. 228, 412 A.2d 897 (1979).

6. Appellant correctly notes that the right of a defendant to the presence of counsel at a lineup attaches at the time of arrest. *Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974); *Commonwealth v. Knox,* 273 Pa.Super. 563, 417 A.2d 1192 (1980). It was

patrons in Syreeta's Bar on the night in question, was the only Commonwealth witness who appeared at the lineup and he failed to identify Appellant.

Appellant's preliminary hearing was finally held on July 20, 1977. Both Mr. Parsons and Mr. Dunbar were present, but only Mr. Dunbar was called as a witness. Although as noted, Mr. Dunbar had failed to identify Appellant at the lineup, he identified Appellant at the hearing and based upon his testimony, Appellant was held for trial. Mr. Parsons, although not called as a witness, remained in the audience throughout the hearing, and presumably observed Appellant and heard Mr. Dunbar's identification testimony.

Pre-trial, Appellant's counsel filed a Motion to Suppress the identification of Appellant at trial by Mr. Dunbar, on the ground that Dunbar's identification testimony as given at the preliminary hearing resulted from the "suggestive atmosphere" of the preliminary hearing. Counsel's suppression motion also requested the suppression of Mr. Parsons' identification testimony to be given at trial on the ground that he did not attend the lineup held on June 7, 1977, and thus did not make a "proper" identification of Appellant. Appellant's Motion to Suppress Testimony Regarding Identification, at 2.

At the pre-trial hearing on Appellant's Motion to Suppress, counsel stipulated to the facts and thereupon argued their respective positions,[7] Appellant's counsel asserting that the presence of Mr. Parsons at the preliminary hearing when Mr. Dunbar identified Appellant was in some fashion, sug-

therefore inappropriate for the Commonwealth to conduct a lineup at the Philadelphia Detention Center without notice to Appellant's counsel. Appellant does not suggest, however, that the Commonwealth's failure in any manner infringed upon Appellant's due process or other rights, and we find the omission harmless.

7. Nearly the entire argument was directed at the question of whether Mr. Dunbar's identification should be suppressed until the assistant district attorney advised Appellant's counsel that the Commonwealth did not intend to call Mr. Dunbar as a witness at trial.

gestive.[8]  Following argument, the Suppression Court denied the Motion to Suppress Parsons' identification testimony.  Trial thereafter commenced, and Mr. Parsons, the only witness called by the Commonwealth, identified Appellant as the perpetrator of the crimes on trial.

On appeal, Appellant contends that (1) the failure of the Commonwealth to require Mr. Parsons to be present at the lineup, and (2) permitting Mr. Parsons to be present at the preliminary hearing when Mr. Dunbar identified Appellant, have in combination so tainted the Parsons' in-court identification that the same should have been suppressed.[9]  Appellant also challenges the sufficiency of the evidence.

## (1)

■ Appellant, first argues that the failure of the Commonwealth to require Mr. Parsons to be present at the lineup conducted at the Philadelphia Detention Center tainted the proceedings.  It is beyond cavil that a defendant in Pennsylvania is afforded no constitutional right to participate in or insist upon a pre-trial lineup.  *Commonwealth v. Sexton*, 485 Pa. 17, 400 A.2d 1289 (1979)[10]; *Commonwealth*

---

**8.**  Appellant's counsel did suggest at argument before the suppression judge that, as the Commonwealth did not intend to call Mr. Dunbar at trial, the Commonwealth was thereby conceding that Dunbar's credibility was "damaged" by his failure to identify Appellant at the lineup.  Counsel then argued that the Commonwealth intentionally caused Mr. Parsons to be absent from the lineup but required him to appear at the preliminary hearing in order that he might hear Mr. Dunbar identify Appellant.  Finally, counsel impliedly argued that Parsons' identification testimony, to be given at trial, was thus based upon the preliminary hearing testimony of the "damaged" witness, Dunbar.  The suppression judge was no more impressed with the logic underlying these arguments than are we.

**9.**  In his brief filed here, Appellant's counsel describes the Commonwealth's conduct as a "subterfuge", and suggests that such conduct presents "a scenerio of deception and underhanded conduct by the Commonwealth which should shake the conscience of the court".  Appellant's Brief at 7.

**10.**  In *Sexton*, the court held that the trial court abused its discretion in refusing a pre-trial request for a lineup as to the *only* eye-witness to the crime who first identified appellant.  Obviously, *Sexton* has no application to the case at bar.  See, *Commonwealth v. Walker, supra*, 274 Pa.Super. at 317, 418 A.2d at 741–42.

*v. Cornish*, 471 Pa. 256, 370 A.2d 291 (1977); *Commonwealth v. Evans*, 460 Pa. 313, 383 A.2d 743 (1975); *Commonwealth v. Walker*, 275 Pa.Super. 311, 418 A.2d 737 (1980). As Appellant has no such right, we fail to comprehend the nature of the right violated by the failure of the Commonwealth to produce specified persons at a lineup, or the prejudice arising from such failure.

■ We again observe that within several hours of the event, Mr. Parsons identified Appellant in a photographic lineup. Appellant does not contend that such lineup was suggestive or otherwise tainted. The appropriate forum in which to test Mr. Parsons' identification was of course the trial court. We are not aware of any authority and Appellant cites none requiring a witness who identified a defendant at a photographic lineup to first participate in a physical lineup before testifying at trial. In summary, we find no merit in Appellant's first contention.

### (2)

Appellant next contends that Mr. Parsons' identification testimony, as given at trial, was impermissibly tainted as a result of his attending Appellant's preliminary hearing and witnessing Mr. Dunbar identify Appellant. Appellant apparently argues that the confrontation at the preliminary hearing without more, is itself impermissibly suggestive and a basis for suppressing Mr. Parsons' identification at trial.

The Supreme Court and this Court have repeatedly rejected the concept that preliminary hearings are inherently suggestive, and the mere fact that an initial identification occurs in that setting does not conclusively establish that the identification was the result of suggestive influences. *See, e.g., Commonwealth v. Floyd*, 494 Pa. 537, 431 A.2d 984 (1981); *Commonwealth v. Sexton, supra*, (collects cases); *Commonwealth v. Guess*, 266 Pa.Super. 359, 404 A.2d 1330 (1979); *Commonwealth v. Farrell*, 265 Pa.Super. 41, 401 A.2d 790 (1979); *Commonwealth v. Tate*, 229 Pa.Super. 202, 323 A.2d 188 (1974). Appellant advances no specific evidence of suggestiveness, taint or prejudice and we discern none in the record.

■ Of similar significance, an in-court identification although tainted during the course of the proceedings is admissible if, considering the totality of the circumstances, it has an independent origin sufficiently distinguishable from the impermissible pre-trial encounter so as to be purged of any taint of that initial illegality. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Commonwealth v. Ransome*, 485 Pa. 490, 402 A.2d 1379 (1979); *Commonwealth v. Wiley*, 288 Pa.Super. 397, 432 A.2d 220 (1981); *Commonwealth v. Williams*, 274 Pa.Super. 464, 418 A.2d 499 (1980).

In *Commonwealth v. Ransome, supra*, the supreme court explicated the principle thusly:

" . . . we recently reviewed this area of the law in *Commonwealth v. Sexton*, [supra] 485 Pa. 17, 400 A.2d 1289 (1979). After reviewing recent decisions of the United States Supreme Court, we concluded that the suggestiveness of a challenged confrontation is only one factor to be considered in determining the admissibility of identification testimony. Suggestiveness alone does not warrant exclusion. Instead "[i]t is the likelihood of misidentification which violates a defendant's right to due process, and it is this which [is] the basis of the exclusion of evidence." Id., 485 Pa. at [22], 400 A.2d at 1291, quoting *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375 [381], 34 L.Ed.2d 401 (1972).

The reliability of a challenged identification is to be judged under a test employing the totality of the circumstances. The factors relevant to determining the reliability of the identification are:

. . . the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977)."

*Id.,* 485 Pa. at 495–496, 402 A.2d at 1382.

██ Instantly, Mr. Parsons testified that Appellant sat in front of him at the bar for four or five minutes at a distance of not more than three feet. The lighting in the room was more than adequate to permit Mr. Parsons to observe Appellant closely and at length. The two engaged in several face-to-face conversations before Appellant drew his weapon. Although subjected to vigorous cross examination on the subject, Mr. Parsons' identification remained firm and unshaken.

We are satisfied that the totality of the circumstances, as gleaned from the trial record, reveals with clarity that Mr. Parsons' in-court identification was independently based upon observations made by him at the scene of the crime so as to preclude a likelihood of misidentification and was not affected by his attendance at Appellant's preliminary hearing. *Neil v. Biggers, supra,* 409 U.S. at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411; *Commonwealth v. Glover,* 488 Pa. 459, 412 A.2d 855, 859–60 (1980); *Commonwealth v. Ransome, supra; Commonwealth v. Fowler,* 466 Pa. 198, 201, 352 A.2d 17, 21 (1976); *Commonwealth v. Williams, supra. And see, United States v. Higgins,* 458 F.2d 461 (3d Cir. 1972). We are satisfied that under either analysis, Mr. Parsons' identification testimony was thus properly received in evidence at Appellant's trial and we perceive no error.

II.

Appellant lastly contends that the evidence adduced at trial was not sufficient to permit the fact finder to find him guilty of the crimes charged. Appellant bases his assertion of insufficiency upon the ground that the identification testimony of Mr. Parsons, the only witness who testified at trial, was "equivocal", at best, or alternatively, that regardless of Parsons' identification testimony, the evidence was simply insufficient. As we find no substance in either ground, Appellant's sufficiency challenge must fail.

The test for the sufficiency of the evidence is whether accepting as true all the evidence and all reasonable infer-

ences deductive therefrom upon which the trier of fact could have based its verdict, the evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt; and in reviewing the evidence we must consider it in the light most favorable to the verdict winner. *Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981); *Commonwealth v. Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980); *Commonwealth v. Graves*, 275 Pa.Super. 557, 419 A.2d 41 (1980).

■ The most cursory review of the trial record reveals not the slightest equivocation in Mr. Parsons'. identification testimony. Parsons testified at length concerning his observations of Appellant and the events in question. His testimony during both direct and cross examination was precise, positive and unshaken as he described Appellant's physical features, clothing and movements. The course of conduct in which Appellant engaged as described in detail by Mr. Parsons clearly revealed each element of each of the crimes with which Appellant was charged, and Mr. Parsons' testimony, although the only evidence introduced at trial, more than justified the trial judge, as the fact-finder, in finding that Appellant was guilty of such crimes beyond a reasonable doubt.

Finding all of Appellant's contentions to be baseless, the judgment of sentence is affirmed.