482 A.2d 593

**COMMONWEALTH of Pennsylvania**

v.

**Frank VOSS, Appellant.**

Superior Court of Pennsylvania.

Argued May 17, 1984.

Filed Sept. 21, 1984.

William F. Cercone, Jr., Pittsburgh, for appellant.

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

HESTER, Judge:

Appellant, Frank Voss, was convicted by jury on September 30, 1981 of two counts of aggravated assault[1], one count of robbery[2], and one count of simple assault.[3] Postverdict motions were argued and denied. Sentences of five to ten years were imposed for each count of aggravated assault, and five to ten years for the third count of robbery, for a total sentence of fifteen to thirty years, as the sentences were to be served consecutively. Sentence was suspended on count four, simple assault. This is an appeal from the judgment of sentence entered April 2, 1982 in the Court of Common Pleas of Allegheny County, Pennsylvania. Appellant contends[4] that the identification procedures

1. Crimes Code, 18 Pa.C.S. § 2702.

2. Id. § 3701.

3. Id. § 2701.

4. Appellant raises nine issues on appeal:
   1) Trial court erred when it refused to suppress identifications made of appellant through use of a suggestive and prejudicial photographic array;
   2) Identifications made at a preliminary hearing should have been suppressed because of suggestive one-on-one confrontations;
   3) In-court identification should have been disallowed as a result of prior suggestive identification procedures;
   4) Thirty-two caliber bullets should have been suppressed as a result of an illegally-issued arrest warrant;
   5) It was error to admit the bullets into evidence where it was not established that appellant possessed them nor that they had any probative value;
   6) Photographic identification of appellant which occurred immediately after the preliminary hearing should have been excluded as suggestive;
   7) The court below improperly denied voir dire concerning legal principles;

used were suggestive and prejudicial, and that the arrest warrant was illegally issued. We reject appellant's contentions and the judgment of sentence is affirmed.

The relevant facts are as follows: On April 11, 1981, Thomas Jackson, Dennis Kuhn, Edward Gray, and Robert Doyle were drinking at The Triangle Bar in the Mount Washington area of Pittsburgh. As the four emerged from the bar at 2:00 a.m., closing time, appellant approached the group and began shooting a thirty-two caliber handgun.

Mr. Gray, who never saw the assailant, was shot in the stomach and fell to the street. Mr. Jackson was then grabbed by appellant and beaten about the face and head with the pistol. Appellant demanded money, which Jackson did not have, after which appellant demanded and received Jackson's leather coat. Jackson was able to view appellant face-to-face for approximately one minute. Both Dennis Kuhn and Robert Doyle witnessed this assault from distances of twenty feet and twenty-five feet respectively.

After beating Mr. Jackson, appellant approached Dennis Kuhn, put a gun to his side, and demanded money. After giving Voss $30.00, Kuhn was shot twice by Voss, once in the chest, which required surgery, and once in the side. This latter bullet lodged in a key ring in Kuhn's chest pocket. Mr. Jackson witnessed the shooting of Kuhn from a distance of between thirty-to-forty feet. He was able to determine that Kuhn's assailant was the same person who had assaulted him.

Robert Doyle corroborated the events as told by the victims, witnessing Ed Gray being shot, Tom Jackson being beaten, and appellant pointing the gun at Kuhn. Doyle did not see appellant shoot Kuhn because he had started down the street to seek help. Doyle returned with a friend and passed within ten feet of appellant, viewing him again for about five seconds and recognizing that appellant was the

8) It was error to refuse to dismiss the juror who was told that a testifying police officer and a juror were friends, and

9) The evidence was insufficient to support a conviction.

same person who had shot Gray and beaten Jackson. Hearing the police rushing to the scene, appellant fled on foot.

Richard Ammer was in appellant's company during the day and night in question. He was across the street when he observed appellant pull out the pistol and fire a shot which struck Tom Jackson. Ammer then ran away.

Witnesses Doyle and Jackson gave descriptions of the assailant. The police officers realized the descriptions matched those of a man whom they had suspected as the perpetrator of an unrelated incident a few hours earlier. The officers went to Voss' home where they obtained four polaroid photographs of him from his landlady. The police then obtained a fifth photo, a mug shot, from police files. Thereafter, they went to the hospital showing the photos to Jackson, Doyle, and Doyle's brother, all unequivocally identifying Voss as the assailant.

The officers relayed this information to another officer who in turn had an arrest warrant executed. Concluding that the suspect was still in the immediate vicinity, the police wanted to apprehend him as quickly as possible.

Appellant was apprehended later the same morning and placed in a police van. Another person was placed in the van on the opposite side. That person was eventually released from custody. The van was searched, after the removal of appellant, by Officer Williams, with assistance from arresting Officer Dyer. Four thirty-two caliber bullets (Smith & Wesson) were recovered. Analyzed by the Allegheny County Crime Laboratory, the bullets were found to match the bullet retrieved from the key chain in victim Dennis Kuhn's chest pocket. There was no evidence that the other man in the van was associated with a .32 caliber gun, and the bullets recovered from the van were of the same type fired by appellant. There was sufficient evidence to link the bullets to appellant.

Issues numbered 1, 2, 3 and 6 are inter-related and treated concurrently. Appellant asserts that the trial court erred when it failed to suppress identifications made of him

through use of a suggestive and prejudicial photographic array and unlawful pre-trial confrontation.

■ Generally, a pre-trial identification may be inadmissible at trial if it was obtained by a procedure so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny the accused due process. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978). In the light most favorable to the Commonwealth, the record here does not highlight any procedure that was unnecessarily suggestive.

■ The pre-trial identification procedures utilized here have been consistently held admissible in Pennsylvania. *Commonwealth v. Gore*, 262 Pa.Super. 540, 396 A.2d 1302 (1978); *Commonwealth v. Jones*, 231 Pa.Super. 323, 331 A.2d 788 (1974.) In some situations, a prior extra-judicial identification of an accused may be considered more reliable than an at-trial identification. Closeness in time to the criminal act may afford less opportunity for both deterioration of the witness' recollections and for changes in the appearance of the accused. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Commonwealth v. Saunders*, 386 Pa. 149, 125 A.2d 442 (1956); *Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978); *Commonwealth v. Rothlisberger*, 197 Pa.Super. 451, 178 A.2d 853 (1962). In *Commonwealth v. Allen*, 287 Pa.Super. 88, 429 A.2d 1113 (1981), in a situation analogous to the case *sub judice*, the defendants were displayed for identification within one block of the crime scene and approximately one hour following the incident. The court held that the identification was proper even though the defendants were in handcuffs and the police had asked the victims whether the defendants were the perpetrators.

*Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972), is a factually similar case in that the defendant alleged he was unlawfully arrested (no probable cause). Similarly, he was taken to the scene and exhibited to victims

who identified him. The defendant was also identified at trial. Our Supreme Court held that the identification evidence was not the fruit of the illegal arrest since it could not be assumed "that but for the illegal arrest the appellant would have remained at large indefinitely." *Id.*, 448 Pa. at 266, 293 A.2d at 38. The record indicates that this would have been the case with appellant.

In the instant case, the Commonwealth met its burden of establishing the reliability of the identification and an independent basis apart from any potential illegality. The testimony of Richard Ammer contributes to the independent basis. The prior confrontations did not entail a substantial likelihood of misidentification.[5] The in-court identification was not tainted and rendered inadmissible by an illegal pretrial confrontation. The suppression court reviewed the necessity for the procedures and the admissibility of the identifications in light of the totality of surrounding circumstances and the possibility that there would be misidentification.[6]

5. The prior confrontations may be considered to be the actual assault, the initial photographic array at the hospital and the identification at the preliminary hearing. From *Commonwealth v. Hall*, 217 Pa.Super. 218, 269 A.2d 352 (1970), it may be said that all confrontations between victims, witnesses, and suspects are "potentially suggestive". *Id.*, 217 Pa.Superior Ct. at 225, 269 A.2d at 356. However, the facts of this case support the conclusion that there was no likelihood of misidentification. The identifications were made independent of any possible influencing and suggestive factors. Thus, the in-court identifications were not tainted. See *Wong Sun v. U.S.*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Commonwealth v. Liverpool*, 294 Pa.Super. 133, 439 A.2d 786 (1982); *Commonwealth v. Farrell*, 265 Pa.Super. 41, 401 A.2d 790 (1979). In addition, the burden of proof may be examined by a review of *Commonwealth v. Wright*, 279 Pa.Super. 608, 421 A.2d 365 (1980); *Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978); and *Commonwealth v. Hodge*, 246 Pa.Super. 71, 369 A.2d 815 (1977).

6. See *Commonwealth v. Williams*, 323 Pa.Super. 512, 470 A.2d 1376 (1984). In *Williams* the defendant also challenged the legitimacy of an identification procedure. A photo identification formed part of the basis for the issuance of an arrest warrant. Despite errors committed at the suppression stage, this Court held not to remand the case because "the trial transcript affords us with abundant evidence [footnote omitted] from which to conclude that the victim's identification

In analogous cases, where a witness saw the perpetrator clearly for several minutes, gave a complete and accurate description to the police, and did not waver from that description, the in-court identifications were unaffected by an illegal lineup and hence admissible. *Commonwealth v. Bogan,* 482 Pa. 151, 393 A.2d 424 (1978); *United States v. Higgins,* 458 F.2d 461 (3rd. Cir.1972).[7] As the Commonwealth in this case has adequately established an independant basis of identification, appellant is precluded from asserting the likelihood of in-court misidentifications. *Commonwealth v. Travaglia,* 502 Pa. 474, 467 A.2d 288 (1983); *Commonwealth v. Williams,* 323 Pa.Super. 512, 470 A.2d 1376 (1984); *Commonwealth v. Liverpool,* 294 Pa.Super. 133, 439 A.2d 786 (1982).

For the foregoing reasons, the trial court properly disposed of all issues relating to pre-trial and in-court identifications.

▮▮▮ Appellant next contends in issues 4 and 5 that the arrest warrant was executed without probable cause and consequently that the fruits of his arrest should be suppressed. The tests are well-settled. To be constitutionally valid, an arrest must be based upon probable cause. *Commonwealth v. Barnett,* 484 Pa. 211, 398 A.2d 1019 (1979). Probable cause to arrest exists if at the time the defendant is arrested by the police, "the facts and circumstances within their knowledge and of which they had reasonably

of appellant as her assailant enjoyed an independent basis sufficiently distinct from the suggestive pre-trial photographic identification so as to be purged of the original taint." *Id.,* 323 Pa.Superior Ct. at 528, 470 A.2d at 1384.

7. See also *Commonwealth v. Jones,* 285 Pa.Super. 112, 426 A.2d 1167 (1981), where an in-court identification of defendant was not tainted by a prior showing of a single photograph of defendant to a witness. While recognizing that use of a single photograph of a suspect can constitute improper suggestive procedure, making references to *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), this Court placed the burden on the prosecution to establish that the totality of circumstances affecting the witness' identification did not involve a substantial likelihood of misidentification. This court found, as in the instant case, that the Commonwealth met that burden. *Id.,* 285 Pa.Superior Ct. at 119, 426 A.2d at 1170.

trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] has committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). See also *Commonwealth v. Rutigliano,* 310 Pa.Super. 364, 456 A.2d 654 (1983); *Commonwealth v. Pytak,* 278 Pa.Super. 476, 420 A.2d 640 (1980); *Commonwealth v. Powers,* 484 Pa. 198, 398 A.2d 1013 (1979). The totality of the circumstances facing the police must be taken into account, and facts insufficient to justify an arrest if considered separately may cumulatively provide probable cause. In the instant case, the arrest warrant was supported by evidence of specific descriptions of appellant, and by the officers' knowledge that these descriptions matched those given by witnesses from the unrelated incident. The arrest warrant was based upon probable cause. It was reasonable to believe that appellant was the perpetrator.

In *Commonwealth v. Sabb,* 269 Pa.Super. 206, 409 A.2d 437 (1979), this Court found that a general description of the perpetrator and subsequent observation of a suspect matching the description near the scene of the crime were sufficient for probable cause to arrest. As in the instant case where the description of appellant varied only slightly from his actual appearance, it was held that "minor discrepancies can hardly vitiate an otherwise proper arrest." *Id.,* 269 Pa.Superior Ct. at 213, 409 A.2d at 441. See also *United States ex rel. Wright v. Cuyler,* 563 F.2d 627 (3rd Cir.1977); *Commonwealth v. Bynum,* 265 Pa.Super. 13, 401 A.2d 776 (1979). In *Commonwealth v. Moore,* 321 Pa.Super. 1, 467 A.2d 862 (1983), an arrest warrant was issued on the basis of information received from three eyewitnesses. Two of the witnesses specifically identified the defendant as the individual who shot the victim and the third identified the defendant as the person she observed fleeing from the scene immediately after the shooting. These accounts were deemed sufficiently reliable to support the issuance of the arrest warrant. Furthermore, as an independent basis for identification existed, probable cause

was established with the aid of photographic identification in conjunction with the description of the suspect. We are satisfied that the descriptions, coupled with the circumstances, provided the necessary probable cause to support the arrest warrant. There was no error.

Appellant further contends that the thirty-two caliber bullets recovered from the police van were the products of an illegal arrest and should have been suppressed. The exclusionary rule prohibits the admission of "fruit of the poisonous tree." *Commonwealth v. Beatty*, 281 Pa.Super. 85, 421 A.2d 1159 (1980).

■■■ We recognize that the legality of an arrest is important in the determination of what evidence may be admissible at trial due to the fact that physical evidence, confessions, or identification obtained as a result of an unlawful arrest normally is not admissible. Where the conditions of the unlawful arrest amount to "outrageous conduct", courts will inquire into the circumstances of the arrest to determine whether evidence should be excluded and the defendant thereby discharged. *Commonwealth v. Fiume*, 292 Pa.Super. 54, 436 A.2d 1001 (1981). However, in the instant case, the police recognized the description of the assailant and had a basis for probable cause in securing an arrest warrant. As the arrest was lawful, the use of the thirty-two caliber bullets as evidence was lawful. For these reasons, we reject appellant's contentions.

■■■ Appellant next contends that the court improperly denied requested voir dire questions concerning whether appellant's decision not to take the witness stand would create bias in the mind of a prospective juror. We disagree.

This Court has recently addressed this issue in *Commonwealth v. Richmond*, 316 Pa.Super. 304, 462 A.2d 1362 (1983). In *Richmond*, as here, appellant submitted questions on the presumption of innocence and the privilege against self-incrimination. The court held that it was well-settled that voir dire questions encompassing legal principles were improper. *Id.*, 316 Pa.Superior Ct. at 310, 462

A.2d at 1365.  See also *Commonwealth v. Kingsley,* 480 Pa. 560, 391 A.2d 1027 (1978).

The court satisfied the purpose of the voir dire system in providing a competent, fair and impartial jury.  *Commonwealth v. Richmond, supra.*  We are confident that the empanelled jury was free from any bias.

■   Appellant also asserts that the court below acted improperly in refusing to dismiss Juror $9 who was told by Juror $8 that the prosecuting officer and Juror $8 were friends.  Our review of the record reveals that Juror $8 was dismissed for his relationship to the officer.  Juror $9, who is the focus of this issue, had no relation to the officer.  Had the officer and Juror $9 had a close relationship, familial, financial, or social, then dismissal would have been appropriate.  See *Commonwealth v. Fletcher,* 245 Pa.Super. 88, 369 A.2d 307 (1976).  After close questioning of Juror $9 by the lower court, the court, with the acquiescence of appellant's trial counsel, concluded that he had maintained his integrity and was not biased.  There was therefore no error and we dismiss the contention.

■   Finally, appellant contends that the evidence was insufficient to convict him.  The proper procedure to challenge the sufficiency of the evidence is by a post-verdict motion as specified by Pa.R.Crim.P. 1123.

*Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975), is a lead case in this area.  The *Blair* court condemned the practice of using boilerplate challenges to the sufficiency of the evidence.[8]  In *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980), the court held that a motion which simply stated that the verdict was against the weight of the evidence was insufficient to preserve appellant's right of review.  In light of *Philpot* and the demands of Rule 1123,

8.  Most recent case law regarding boilerplate challenges to the sufficiency of the evidence lies in *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983).  The *Holmes* decision, rendered subsequent to these lower court proceedings, dictates that where the issue of insufficiency is presented without particularity it is not preserved for review and is considered waived.

appellant has failed to preserve this issue for review by failing to present specific allegations.

A review of the record in the light most favorable to the Commonwealth, including that the elements of the crimes had been proven beyond a reasonable doubt, and that all inferences deducible from the evidence had supported the Commonwealth's burden, reveals that the factfinder did not find contrary to the weight of the evidence [9] and the trial judge did not abuse his discretion.

For the above stated reasons, appellant's contention cannot be asserted meritoriously.

Judgment of sentence affirmed.

POPOVICH, J., concurs in the result.

**9.** The facts and testimony, including, *inter alia,* the identifications by the victims, recognition by the police of the possible perpetrator, and the testimony by Richard Ammer, establish appellant as the perpetrator. See *Commonwealth v. Ransome,* 485 Pa. 490, 402 A.2d 1379 (1979) (where the court held, *inter alia,* that viewed in totality of circumstances, identification of defendant at trial was independent, and evidence was sufficient for factfinder to establish guilt); *Commonwealth v. Hines,* 230 Pa.Super. 290, 326 A.2d 485 (1974) (where the court held that evidence sustained conviction and provided probable cause for arrest).