## Commonwealth v. Reinhart

*Maggie Snow, assistant district attorney,* for the commonwealth.

*Theresa M. Mogavero,* for defendant.

BIESTER, Jr., *J.,* July 21, 1989 — Defendant was convicted of escape before this court in a non-jury trial on March 6, 1989. A timely motion in arrest of judgment was filed raising only the issue of whether the evidence was sufficient to support a finding that defendant was in official detention, a material element of escape. We now hold that defendant was not in official detention and therefore grant defendant's motion in arrest of judgment.

The facts, viewed in the light most favorable to the commonwealth, *Commonwealth v. Ransome,* 485 Pa. 490, 493, 402 A.2d 1379, 1381 (1979) are as follows:

On December 1, 1988 at 4:50 p.m., Officer Kingsdorf of the Northampton Township Police Department observed defendant stand in the driveway and then enter his parent's home. Verifying that there were active warrants for defendant's arrest, Officer Kingsdorf pulled his marked patrol car into the driveway. The officer was met at the front door by defendant's girlfriend, Chrissa Dooling, who allowed the officer to enter the home and search for defendant. He did not find defendant. The girlfriend drove away shortly afterwards.

At 6:30 p.m. a station wagon pulled into the Reinhart driveway, stayed a brief moment and left. Although the officer saw no passengers and could not identify the driver, he followed the car, suspi-

cious of the brief rendezvous. The officer pulled the car over for speeding on Second Street Pike. As the vehicle pulled over to the side of the road, defendant exited from the front passenger door, running into the adjoining fields. Officer Kingsdorf yelled at the defendant from approximately 25 feet away, "Stop, you are under arrest!" Defendant ignored this order to stop and kept running. He was later apprehended and charged with escape.

18 Pa.C.S. §5121 provides:

"(a) *Escape* — A person commits an offense if he unlawfully removes himself from official detention.

"(b) *Definition* — As used in this section the phrase 'official detention' means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes . . ."

The critical question here is whether, at the time Officer Kingsdorf yelled, "Stop, you are under arrest!" at defendant running across the field, defendant was under arrest. We find that he was not.

It is well-established in Pennsylvania that an arrest is accomplished by any act that indicates an intention to take a person into custody and that subjects him to the actual control and will of the person making the arrest. *Commonwealth v. Bosurgi,* 411 Pa. 56, 68, 190 A.2d 304, 311 (1963); *Commonwealth v. Woodson,* 342 Pa. Super. 392, 395, 493 A.2d 78, 79 (1985). Although it is clear that Officer Kingsdorf intended to take defendant into custody, defendant was not subject to the actual control and will of the officer.

We find a recent case from the Wyoming Supreme Court instructive. In *Phillips v. State,* 760 P.2d 388 (1988) the Wyoming Supreme Court granted appellant a new trial on the charge of

escape where it found the trial court had improperly instructed the jury on the word "arrest." (Police officer placed a handcuff on appellant while he slept, then woke him and informed him that he was a police officer. At that point appellant fled.) The court found that the jury should have been instructed that an arrest of a person is effectuated ". . . by any act which indicates an intention to take him into custody and which subjects him to the actual control and will of the person making the arrest . . . A person cannot be said to be under arrest when merely an intention or attempt to take, seize, or detain him occurs, resulting in no seizure or control over the person." *Id.* at 392.

The commonwealth has called attention to *Commonwealth v. Petrilla,* 39 D.&C. 3d 583 (1984) where defendant was convicted of escape by the Somerset Court of Common Pleas when he removed himself from the presence of an officer attempting to issue a citation for disorderly conduct. Unfortunately, we do not know any of the underlying facts of this case. Under the facts of the case at bar we are unable to find that defendant was in official detention. The act of calling out "Stop, you are under arrest!" while defendant ran through the field amounted merely to an attempt to detain him. At no time did Officer Kingsdorf have seizure or control over defendant's person.

For the foregoing reasons, defendant's motion in arrest of judgment is granted.

## ORDER

And now, July 21, 1989, defendant's motion in arrest of judgment is granted.