J-S73029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE OMAR VASQUEZ | |
| Appellant | No. 946 MDA 2014 |

Appeal from the PCRA Order of May 23, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0000981-2012

BEFORE:  BOWES, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 19, 2014**

Jose Omar Vasquez ("Appellant") appeals the order dismissing his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

Appellant was charged with various crimes arising out of a burglary, including criminal trespass, 18 Pa.C.S. § 3503(a)(1)(ii), the lone charge to which he pleaded *nolo contendere*.  On May 7, 2013, the trial court sentenced Appellant to one to two years' incarceration.  Appellant did not file a direct appeal.

On November 7, 2013, Appellant filed a timely *pro se* PCRA petition.  On November 15, 2013, the trial court appointed counsel to represent Appellant.  On December 3, 2013, the Commonwealth filed its answer to Appellant's *pro se* petition.  On January 20, 2014, PCRA counsel filed an amended PCRA petition, raising various issues, including assertions that trial

counsel rendered constitutionally ineffective representation. The PCRA court dismissed without a hearing various issues that it noted were not cognizable under the PCRA when a defendant has entered a plea of *nolo contendere*. However, the PCRA court did hold a hearing to address whether Appellant's plea was entered knowingly and voluntarily, at which Appellant and trial counsel testified regarding the decision-making process that preceded Appellant's decision to enter his plea. The trial court also entertained briefing by the parties. On May 23, 2014, the trial court entered a detailed opinion and order denying Appellant's petition.

On June 3, 2014, Appellant filed the instant appeal. On June 6, 2014, the trial court entered an order directing Appellant to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 27, 2014, Appellant timely filed a Rule 1925(b) statement. On July 24, 2014, the PCRA court entered a brief order referring this Court to its May 23, 2014 opinion in lieu of a full Rule 1925(a) opinion.

Before this Court, Appellant contends that the PCRA court erred, contending that trial counsel rendered ineffective assistance in two regards. First, Appellant alleges that trial counsel erred in declining to examine a Commonwealth witness at Appellant's preliminary hearing, despite the fact that she was present in court. Second, Appellant asserts that trial counsel was ineffective in failing to research the criminal histories of the Commonwealth's intended witnesses in advance of trial. Appellant contends that counsel's failure to do so effectively left Appellant no choice but to

accept a guilty plea that he would not have accepted had trial counsel been better prepared to go to trial.[1]

Under the circumstances alleged, to establish a basis for collateral relief:

> [A]ppellant must establish by a preponderance of the evidence that his conviction or sentence resulted from "a plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty." 42 Pa.C.S. § 9543(a)(2)(iii); **see also Commonwealth v. Shekerko**, 639 A.2d 810 (Pa. Super. 1994) (because Shekerko pled guilty, the truth-determining process is not implicated under 42 Pa.C.S. § 9543(a)(2)(ii); thus, his ineffectiveness claim in context of guilty plea fell under section 9543(a)(2)(iii), concerning the lawfulness of his plea).
>
> * * * *
>
> [C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. **Commonwealth v. Chumley**, 394 A.2d 497 (Pa. 1978). This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. **Commonwealth v. Fluharty**, 632 A.2d 312 (Pa. Super. 1993). The law does not require that appellant be pleased with the outcome of his

---

[1] We note that Appellant's brief is inadequate in several respects. First, the issues as characterized were not stated discretely in Appellant's perfunctory statement of the questions presented, which alleged conclusorily that the trial court's disposition of Appellant's petition was in error. Second, the issues are argued in one brief section, rather than in separate sections, as required by Pa.R.A.P. 2116(a) and 2119(a). Third, Appellant's brief is at best barely compliant with Rule 2119(a)'s requirement that the discussion of each issue contain "such discussion and citation of authorities as are deemed pertinent." Such errors may constitute waiver and thereby result in the denial of appellate review of the issues raised. **See Commonwealth v. Fletcher**, 986 A.2d 759, 785 (Pa. 2009). Counsel is cautioned to provide more thorough argument in the future.

decision to enter a plea of guilty: "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Myers**, 642 A.2d 1103, 1105 (Pa. Super. 1994).

**Commonwealth v. Yager**, 685 A.2d 1000, 1003-04 (Pa. Super. 1996) (citations modified or omitted; footnotes omitted; emphasis in original).

Appellant's issues ultimately distill to no more than claims that the PCRA court erred in weighing the evidence presented by Appellant in his petition, brief, and at the PCRA hearing. At the hearing, trial counsel and Appellant provided competing accounts of the nature and extent of their interactions beginning at Appellant's preliminary hearing and running up until Appellant's entry of his guilty plea. The trial court found that Appellant's account of these events was not credible.

The trial court's thorough opinion is consistent with, and supported by, the record of the PCRA proceedings, and provides an ample account of the relevant law governing Appellant's prayer for relief. Moreover, Appellant's arguments before this Court warrant neither reproduction nor extensive discussion by this Court. Accordingly, we adopt the PCRA court's opinion as our own. A copy of the PCRA court's May 23, 2014 opinion is attached for ease of reference.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014

IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY, PA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : NO. 981-2012
:
v. :
:
JOSE VASQUEZ, :
Defendant :

Jennifer Lehman, Esquire - Deputy District Attorney - for the Commonwealth
Michael J. Stine, Esquire -Public Defender- for the Defendant

## OPINION

GOODMAN, J.

The matter before the Court is the Defendant's First Petition for Post-Conviction Collateral Relief pursuant to the Post-Conviction Relief Act *(42 Pa. C.S.A. §9541, et seq.)*. On May 7, 2013, the Defendant entered a negotiated no contest plea to the charge of criminal trespass [18 Pa. C.S.A. §3503(a)(1)(ii)] with the Commonwealth moving to nol pros the more serious felony count of burglary [18 Pa. C.S.A. §3502(a)], and three misdemeanor offenses of theft by unlawful taking [18 Pa. C.S.A. §3921(a)], receiving stolen property [18 Pa. C.S.A. §3925(a)] and criminal mischief [18 Pa. C.S.A. §3304(a)(2)] which was granted by the Court. The Defendant was sentenced to 1 to 2 years incarceration in conformance with the favorable plea agreement.

At the time the plea was negotiated and entered the Defendant was represented by Attorney James Conville (hereinafter "trial counsel"). In the Petition for Post-Conviction Relief the pro se petitioner alleged boilerplate allegations ranging from ineffective assistance of counsel, violation of the constitution that undermined the truth determining process to the

unavailability at the time of trial of exculpatory evidence, with many of the contentions not being applicable to the entry of a guilty plea.

This Court appointed Attorney Michael Stine of the Public Defender's Office as counsel for the Post-Conviction proceeding, and gave Attorney Stine the opportunity to amend the pro se petition of the Defendant, if necessary. An amended PCRA petition was filed where it was alleged that trial counsel was ineffective in inducing the Defendant to enter a nolo contendre plea.

The sentence imposed in the within proceeding was the result of the entry of a guilty plea by the Defendant and as such the only cognizable issues in a PCRA proceeding are the validity of the plea of guilty and the legality of the sentence. *Commonwealth v. Casner*, 315 Pa. Super. 12, 461 A.2d 324 (1983). Where, as here, a defendant enters a guilty plea, the truth determining process is not implicated. *Commonwealth v. Yager*, 454 Pa. Super. 428, 685 A.2d. The Court entered an Order of Court dated January 28, 2014 where the Court dismissed Defendant's PCRA claims except for his claim of ineffective assistance of counsel related to the entry of the guilty plea. The Court scheduled a hearing to elicit facts to support Defendant's allegation that his trial counsel was ineffective and his plea was not knowingly, voluntarily and intelligently made.

At the time the guilty plea was entered the Defendant submitted to the court a comprehensive written guilty plea colloquy consisting of specific replies to 37 separate inquires, had attached to the guilty plea a Schedule A making it clear that the offense grading of the criminal trespass was a felony of the second degree and the court conducted an oral inquiry prior to accepting the guilty plea. In the course of the oral inquiry the court made it clear that

2

the Defendant was entering a nolo contendre plea to a criminal trespass, a felony of the second degree. The written guilty plea colloquy indicated that the Defendant had fully read the criminal complaint, the affidavit of probable cause and information.

Where a Defendant asserts that a guilty plea resulted from ineffective assistance of plea counsel, the Defendant must plead and prove that the conviction (guilty plea) resulted from ineffectiveness of counsel which, in the circumstances of the particular case, resulted in the entry of an unknowing, involuntary or unintelligent plea. **_Commonwealth v. Morrison_,** ___ Pa. Super. ___, 878 A.2d 102 (2005). Thus the defective legal stewardship must have resulted in the equivalent "manifest injustice" applicable to all post sentence motions to withdraw guilty pleas. Id. The burden of going forward and the burden of proof on these issues is on the petitioner. **_Commonwealth v. Pierce_,** 515 Pa. 153, 527 A.2d 973 (1987).

It is well settled that counsel is presumed effective and the burden of proving ineffectiveness rests with the defendant, and where the defendant enters a plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. **Commonwealth v. Edwards,** ___ Pa. Super. ___, 762 A.2d 382 (2000). The Defendant, both in his petition for relief and in his testimony at the post-conviction hearing, testified that his plea was not knowingly or voluntarily entered in that the guilty plea colloquy was never signed by him and that he was pressured to enter a plea because his counsel was ineffective and was not going to represent him at trial.

The Defendant contends that his trial counsel was ineffective because he failed to cross examine the Commonwealth's witnesses at the preliminary hearing. The credibility of the

3

witnesses would not be decided at the preliminary hearing but the Defendant contends that trial counsel could have cross examined the Commonwealth's witnesses and by failing to do so the Defendant lost faith in trial counsel. The Defendant also contends that trial counsel was ineffective because he failed to investigate the criminal histories of the witnesses prior to trial. Defendant contends that as a result of the ineffectiveness of his trial counsel he felt that he had to accept a guilty plea.

The testimony presented by the Defendant and the testimony presented by trial counsel was not reconcilable as to significant issues in the case and this Court finds that Defendant's testimony was not credible. Trial counsel testified that the Defendant wanted to have a preliminary hearing to challenge the veracity of the witnesses. Trial counsel explained to him that the veracity of the witness is not an issue at the preliminary hearing. Trial counsel testified that the Defendant agreed with him to have a limited hearing so that they would be able to file motions with the Court. A limited hearing was held and the case was bound over to Court.

Trial counsel then filed a motion to suppress trying to exclude evidence which tied the Defendant to the crime and the suppression motion was denied. The Court finds that trial counsel was not ineffective for failing to have a full hearing at the preliminary hearing.

Trial counsel testified that he met with the Defendant for about three hours in Camp Hill where they discussed the case in detail and also discussed a favorable plea agreement offered by the Commonwealth. The Defendant indicated he wanted to plead guilty. After trial counsel reviewed the guilty plea colloquy, the sentencing guidelines and the proposed plea deal with the Defendant he testified that the Defendant refused to sign the paperwork and stated he

4

wanted to go to trial. Trial counsel testified that Defendant told him on numerous times that he wanted to go to trial but also told him numerous times that he would take a plea deal.

Trial counsel testified that he was preparing for trial and a pretrial conference was scheduled for March 28, 2013. The Defendant was transferred from State prison to the Schuylkill County prison for his pretrial conference. Trial counsel met with the Defendant on March 27, 2013 and the Defendant indicated he wanted to go to trial and trial counsel explained to him that his strategy was to attack the Commonwealth's witnesses. Trial counsel testified that his discussions with the Defendant were heated when they discussed trial strategy and in their meeting on March 27, 2013 trial counsel went over with the Defendant what his opening statement would be.

The pretrial conference occurred on the very next day on March 28, 2013 and at the conference defense counsel was required to notify the Defendant of what the Commonwealth's latest offer was. Trial counsel conveyed the Commonwealth's latest offer to the Defendant and the Defendant, to the surprise of trial counsel, now agreed to accept the plea offer. Trial counsel testified that he met with the Defendant on three separate occasions in the Schuylkill County prison during the daytime on March 28, 2013 to complete the paperwork which had to be filed at the end of the day.

Trial counsel testified that the Defendant tried to negotiate a better deal that day by requesting the Commonwealth nol pros the felony criminal trespass but the Commonwealth refused to do so. He also testified that he had to visit the Defendant a third time because the plea agreement that was executed that day did not include the restitution. Trial counsel testified that he went over the 37 question written guilty plea colloquy and plea agreement

5

with the Defendant and the Defendant executed both documents. The documents were filed that day.

This Court scheduled the Defendant's guilty for May 7, 2013. In the meantime, the Defendant was transported back to State prison and sent correspondence to trial counsel indicating that he may want to withdraw his guilty plea which was scheduled for video conference on May 7, 2013. Trial counsel sent the Defendant a letter on April 19, 2013 (Commonwealth Exhibit No. 1) where he outlines the terms of the plea agreement that was entered. Trial counsel also indicates in the letter that if Defendant does not want to plead guilty then he will have an opportunity to withdraw his guilty plea at the May 7, 2013 video conference.

Prior to the Court conducting the guilty plea with the Defendant, the Court gave the Defendant an opportunity to talk privately with trial counsel. This Court conducted the guilty plea with the Defendant and reviewed the written and oral guilty plea colloquy with the Defendant. The Court also asked the Defendant at the guilty plea if he was satisfied with the services of his attorney. The Defendant indicated that he was not happy with the services of his attorney but he did not have any complaints for the Court and the Defendant requested that his guilty plea be changed to a nolo contendre plea. The Court explained that the nolo contendre plea would have the same effect as a guilty plea. When all of the parties agreed to the nolo contendre plea the Defendant asked the Court to accept his nolo contendre plea.

Also, in the written guilty plea colloquy there is a question "who's decision is it to plead guilty" and the Defendant indicated my own. There is also another question which reads "is your plea of guilty being given freely, voluntarily without forced threats, pressure, intimidation"

6

and the Defendant indicated yes. The Court also conducted an oral colloquy where the Defendant confirmed the answers on each of the pages of the written guilty plea were his and that he initialed each of the pages. He also indicated to the Court that he was not pressured or forced in any way to enter into a plea that he was entering into the plea agreement of his own free will.

This member of the Court presided over the guilty plea proceeding, had the opportunity to engage in oral dialogue with the Defendant at the time of that guilty plea, and had the opportunity to observe the Defendant at the guilty plea. At no time did this Court believe that the defendant was not capable of understanding the discourse between the Court and the Defendant, nor did the Court at any time feel that the Defendant wasn't being forthright with the Court at that time. Nothing appeared to affect the Defendant's mental ability to understand the nature of the proceeding, a fact that was established both in the written guilty plea colloquy and the oral colloquy with this member of the Court. At no time did it appear that the Defendant was under pressure and this Court made the determination that the Defendant's plea was voluntarily, intelligently and knowingly made.

A Defendant is bound by his statements given during a plea colloquy and record evidence rebutting claims concerning a plea agreement's voluntariness will cause the petition to be dismissed. ***Commonwealth v. Cappelli***, 340 Pa. Super. 9, 489 A.2d 813 (1985). In light of the defendant's admissions to this Court directly, as well as the admissions and acknowledgements within the written guilty plea, one thing is clear: the defendant lied at some point in time.

7

At the PCRA hearing the Defendant testified in contradiction to Attorney Conville, the written guilty plea and the oral colloquy by stating that he never signed the written guilty plea. However, Attorney Conville, a seasoned criminal trial lawyer, testified that he thoroughly reviewed the guilty plea colloquy with the Defendant, had adequate time to do so, and by his own certification attached to the guilty plea supported the conclusion that the Defendant's plea was knowingly and voluntarily offered to the Court. Attorney Conville testified that the Defendant signed the plea agreement and the written guilty plea colloquy. Also, this Court conducted an oral colloquy with the Defendant where the Defendant acknowledged that he signed and initialed the pages of the guilty plea colloquy.

Therefore, this Court does not find the Defendant's testimony credible that he did not sign the plea agreement. Likewise, his allegations that his attorney abandoned him and he felt that he had to go to trial are without merit. Attorney Conville testified that he was prepared to go to trial and that he was ready to do so at the pretrial conference when the Defendant accepted the Commonwealth's final offer. The Court finds trial counsel's testimony credible that he was going to obtain the criminal histories of the witnesses at the pretrial conference and he would be ready for trial if the Defendant chose to go to trial. It is clear from the record that the Defendant's plea was a voluntary, knowing and intelligent plea and that the Defendant failed to show that his trial counsel was ineffective.

Accordingly, we enter the following:

8

# IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY, PA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          :          NO. 981-2012

               v.

JOSE VASQUEZ,

              Defendant          :

Jennifer Lehman, Esquire - Deputy District Attorney - for the Commonwealth
Michael J. Stine, Esquire -Public Defender- for the Defendant

## ORDER OF COURT

GOODMAN, J.

AND NOW, this 23RD day of May, 2014, in conformance with the attached Opinion

the Defendant's Petition for Relief pursuant to the Post Conviction Relief Act is DENIED.

BY THE COURT,

Goodman, J.