IN THE MATTER OF JOHN I. DAWES AND DAVID COHEN, COMPLAINANTS-RESPONDENTS, v. MORTON SALKIND, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 1, 1977—Decided January 31, 1978.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. Marvin J. Brauth* argued the cause for appellant (*Messrs. Wilentz, Goldman & Spitzer,* attorneys; *Mr. Francis X. Journick,* of counsel).

*Mr. James A. Kennedy* argued the cause for respondents (*Messrs. Gagliano, Tucci & Kennedy,* attorneys; *Mr. Eugene A. Iadanza,* on the brief).

PER CURIAM. Appellant, an incumbent and unsuccessful candidate for the State Assembly, appeals from a decision of the Election Law Enforcement Commission (ELEC) fining him $100 for negligently omitting a campaign contribution from his report, in violation of § 16(a) of the Campaign Contributions and Expenditures Reporting Act, *N. J. S. A.* 19:44A–16(a).

The questioned contribution was a newsletter, drafted and signed by appellant and ostensibly sent by Western Monmouth Utilities Authority, of which appellant was chairman, to customers and residents of the area serviced by that au-

thority who were also his constituents. He contends that the letter did not constitute a contribution to his campaign and, also, that ELEC should have disqualified itself from considering his case.

We find that ELEC's conclusion that the letter was a campaign contribution is supported by sufficient credible evidence present in the record. *State v. Johnson,* 42 *N. J.* 146, 162 (1964). The letter basically described eight different construction projects undertaken by the authority, made numerous references to the approval and funding of projects by state and federal agencies, and implied that appellant exerted influence in those areas. In addition, there were statements that the authority had received considerable funds "as a result of my legislation," and "[t]hrough my office in Trenton." The hearing examiner's description of the letter as "a subtle masterpiece of political propaganda" containing useful information "but cloaked in such self-laudatory rainment [sic] as to make anyone but a politician blush" is accurate.

Regardless of whether this letter falls within the definition of "political information" pursuant to *N. J. S. A.* 19:44A–3(h), its publication and distribution constituted an "other thing of value" contributed to appellant's campaign, which appellant was required to report under *N. J. S. A.* 19:44A–16(a). "Other thing of value" is defined as "any item of real or personal property, tangible or intangible." *N. J. S. A.* 19:44A–3(l). The letter obviously furthered appellant's campaign effort by its expansive praise of him as both authority chairman and assemblyman. It thus must be considered a campaign contribution consonant with the legislative policy "to require the reporting of all contributions received * * * to aid or promote" the election of any candidate for public office. *N. J. S. A.* 19:44A–2.

We also conclude that ELEC properly refused to disqualify itself. Although the release of ELEC's preliminary finding to the press may have been harmful to ap-

pellant, that in itself did not constitute grounds for disqualification.

Affirmed.