**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0311-17T3

NEW JERSEY ELECTION LAW
ENFORCEMENT COMMISSION,

     Petitioner-Respondent,

v.

BERNARDSVILLE REPUBLICANS,

     Respondent-Appellant,

and

PAULA MARASCO,

     Respondent.

_____

     Submitted September 13, 2018 - Decided  October 5, 2018

     Before Judges Ostrer, Currier, and Mayer.

     On appeal from the New Jersey Election Law Enforcement Commission, Docket No. C-I 1803 0001 22 Q2006.

     W. Timothy Howes, attorney for appellant.

     Theresa J. Lelinski, attorney for respondent.

PER CURIAM

The Bernardsville Republicans appeal from a July 26, 2017 final decision issued by the chairman of the New Jersey Election Law Enforcement Commission (ELEC), which adopted the decision of the Administrative Law Judge (ALJ), finding the Bernardsville Republicans failed to comply with the reporting requirements of the New Jersey Campaign Contributions and Expenditures Reporting Act (Act), N.J.S.A. 19:44A-1 to -47, and assessing fines against it and Paula Marasco, the treasurer of the Bernardsville Republicans. We affirm.

The facts are largely undisputed. On September 9, 2009, Marasco filed a political party committee form with ELEC on behalf of the Bernardsville Republicans. The form, submitted for the 2006-2007 reporting year, designated Marasco as treasurer for the Bernardsville Republicans.

On the same date, Marasco filed quarterly reports on behalf of the Bernardsville Republicans. The quarterly reports designated the Bernardsville Republicans as a municipal political party committee for the second, third, and

fourth quarters of 2006.[1]  As treasurer for the Bernardsville Republicans, Marasco certified the accuracy of each quarterly report.

ELEC filed a complaint against the Bernardsville Republicans and Marasco, alleging violations of the Act for failing to timely report contributions and disbursements for the second, third, and fourth quarters of 2006.  The matter was transmitted to the Office of Administrative Law (OAL) as a contested case.

The ALJ assigned to the matter contacted counsel for the Bernardsville Republicans and Marasco, inquiring whether the parties intended to file answers. Counsel for the Bernardsville Republicans responded "the case is settled," and advised a consent order would be submitted.

Counsel for ELEC notified the ALJ that Marasco signed the consent order, and he was awaiting execution of the document by the Bernardsville Republicans.  A few weeks later, counsel for the Bernardsville Republicans stated "the committee" did not approve the settlement, and would not execute the consent order.

Because the matter did not resolve, ELEC filed a motion for summary decision.  The Bernardsville Republicans, referring to themselves as the

---

[1]  The Act's regulations require quarterly reports to be filed with ELEC within fifteen days of the end of each quarter.  N.J.A.C. 19:25-9.1(a).

A-0311-17T3

Bernardsville Republican Municipal Committee (BRMC), filed a cross-motion for summary decision. The BRMC did not deny the claims in ELEC's complaint. Rather, BRMC claimed it was not the Bernardsville Republicans, and was not responsible for any of the activity reported by the Bernardsville Republicans.

According to BRMC, Marasco and other BRMC members were not elected until June 6, 2006, and formally took office on June 10, 2006. The BRMC argued it did not exist as a political party committee until June 10, 2016. Thus, BRMC contended it could not have conducted any reportable activity prior to that date, compelling it to file a second quarterly report for 2006.

Despite disclaiming knowledge of or responsibility for the activities of the Bernardsville Republicans, BRMC speculated the activity reported in the second quarterly report for 2006 "likely" related to county political party committee races, which are exempt from reporting under N.J.S.A. 19:44-4(d). Regarding the third and fourth quarterly reports, BRMC claimed, "[BRMC] did not authorize any fundraising or spending" during that time. According to BRMC, Marasco acted alone during the third and fourth quarters of 2006, and BRMC was not responsible for her actions during that time period.

In support of the cross-motion for summary decision, BRMC filed an affidavit signed by its chairperson, Aniello Q. Orza. Orza certified that BRMC

"took office effective June 10, 2006" and expressly disclaimed any personal knowledge of financial activity before that date. He explained, "it is likely that the expenditures were made for [c]ounty [c]ommittee races, which are unregulated by Title 19." Orza also stated BRMC "did not authorize" any of the post-June 10 activity reported in the third or fourth quarterly reports for 2006.

The ALJ issued a twenty-three page written decision granting summary decision in favor of ELEC. Although BRMC claimed it was created on June 10, 2006, the ALJ found no political party committee by that name registered with ELEC as of that date in accordance with N.J.S.A. 19:44A-10 and N.J.A.C. 19:25-4.6. The ALJ concluded the Bernardsville Republicans were the only Republican political party committee in the municipality registered with ELEC as of that date. The ALJ noted BRMC did not file any quarterly reports under that name from 2006 through the filing date of ELEC's complaint in this matter. The first filing by a group identifying itself as BRMC was submitted in January 2016, after ELEC filed a complaint against the Bernardsville Republicans. In its ELEC filing, BRMC used the same identification number as the Bernardsville Republicans.

The ALJ also found BRMC failed to produce evidence of a depository bank account or treasurer designation separate from the Bernardsville

Republicans. While the members of the political party committee may have changed as a result of the June 2006 election, the ALJ concluded, "in the end it was the same [R]epublican municipal political organization that continued on, albeit with new members." Based on the evidence, the ALJ determined BRMC and the Bernardsville Republicans were the same, and BRMC presented "no genuine dispute as to its identity."

The ALJ addressed BRMC's claim that pre-June 10, 2006 activity was exempt from ELEC reporting. The BRMC's argument was based on Orza's affidavit, which expressly denied personal knowledge of any pre-June 10, 2006 activity and offered only speculation in support of the exemption claim. However, the ALJ found the June 6, 2006 mayoral primary in Bernardsville was contested based on public filings showing a campaign contribution from the Bernardsville Republicans to a mayoral candidate the day before the election. As at least one race for municipal office was contested in the primary election, the ALJ concluded the pre-June 10, 2006 activity was not exempt from reporting under the Act.

The ALJ rejected BRMC's claim that Orza, as BRMC chairman, did not "authorize" any of the reported third or fourth quarter financial activity, and thus BRMC could not be liable for such activities. The ALJ found no authority for

6

the proposition that a political party committee chairperson must "authorize" financial activity by other committee members.  In reviewing the bank records supplied by ELEC, the ALJ noted Orza and Marasco jointly signed documents in 2006 to open a bank account on behalf of the Bernardsville Republicans.  The signed bank forms authorized Marasco to "exercise all . . . powers" with respect to managing the bank account for the Bernardsville Republicans, including deposits and check endorsements.  Thus, the ALJ found Marasco was authorized to conduct and report third and fourth quarter activity on behalf of the political party committee.

Based on the evidence presented, the ALJ concluded BRMC failed to present competent evidence disputing ELEC's claims, and found ELEC was entitled to judgment as a matter of law.  The ALJ imposed a $5,354.15 penalty jointly and severally against BRMC and Marasco, and a $300 penalty against BRMC solely.[2]

The BRMC filed exceptions to the ALJ's decision.  On July 18, 2017, the agency, adopting the ALJ's decision, issued a final determination.  The BRMC filed this appeal.

---

[2]  The BRMC does not contest the amount of the penalty imposed by the ALJ.

A-0311-17T3

On appeal, BRMC repeats the arguments presented to the ALJ that: (1) BRMC is a separate entity from the Bernardsville Republicans, and therefore not responsible for the actions of the Bernardsville Republicans; (2) the Bernardsville Republicans are not a political party committee, and the activity reported by the Bernardsville Republicans was exempt under the Act; and (3) BRMC did not authorize any of the financial activity reported in the third or fourth quarterly filings, and therefore should not be held responsible. For the first time on appeal, BRMC argues ELEC violated Marasco's First Amendment right to free association. The BRMC also alleges the ALJ ignored disputed issues of material fact, and the agency's decision was arbitrary, capricious, and unreasonable.

Our review of an administrative agency's final determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We will uphold the decision absent "a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Hemsey v. Bd. of Trs., Police & Firemen Ret. Sys., 198 N.J. 215, 223–24 (2009) (quoting In re Herrmann, 192 N.J. 19, 27–28 (2007)).

The standard for granting a motion for summary decision is governed by N.J.A.C. 1:1-12.5(b) and is "substantially the same" as that governing a motion for summary judgment under Rule 4:46-2. Contini v. Bd. of Educ. of Newark,

8

286 N.J. Super. 106, 121 (App. Div. 1995). "Because an agency's summary decision is a legal determination, our review is de novo." L.A. v. Bd. of Educ. of City of Trenton, 221 N.J. 192, 204 (2015) (citations omitted). While we are not bound by an agency's legal interpretations, "an appellate court should give considerable weight to a state agency's interpretation of a statutory scheme that the legislature has entrusted to the agency to administer." In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010). Thus, "[w]e will defer to an agency's interpretation of both a statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is 'plainly unreasonable.'" Ibid. (citing Reilly v. AAA Mid-Atlantic Ins. Co. of N.J., 194 N.J. 474, 485 (2008)).

"The Election Law Enforcement Commission has been charged by the Legislature with enforcing the provisions of the . . . Reporting Act." Id. at 261-62; see also N.J.S.A. 19:44A-6(b). As such, ELEC's interpretation of the Act and its regulations will prevail provided it is not "plainly unreasonable." See Merin v. Maglaki, 126 N.J. 430, 437 (1992).

We affirm for the reasons expressed in the ALJ's thorough and cogent written decision, which reasoning was adopted by the agency. We add only the following comments.

A-0311-17T3

The BRMC fails to point to any competent evidence in the record challenging any of the findings, and fails to address the credible documentary evidence relied upon by the ALJ and the agency.

The evidence presented demonstrates the Bernardsville Republicans filed documents registering as a political party committee, and the Bernardsville Republicans filed quarterly reports for its activities. The BRMC filed a quarterly report using the same ELEC identification number as the Bernardsville Republicans. The relevant depository bank records also reflect only one entity, the Bernardsville Republicans. While BRMC argues we should reject this documentary evidence, it fails to offer any contrary evidence in rebuttal.

Unsupported arguments are insufficient to overturn an agency decision based on competent, credible evidence. See Dawes v. Salkind, 156 N.J. Super. 195, 197 (App. Div. 1978) ("We find that ELEC's conclusion . . . is supported by sufficient credible evidence present in the record."); see also Alfano v. Schaud, 429 N.J. Super. 469, 475 (App. Div. 2013) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." (alteration omitted) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007))).

For the same reasons, we reject BRMC's argument that the ALJ and the agency ignored Orza's affidavit stating that pre-June 10, 2006 activity related solely to the political party committee, and therefore was exempt from reporting. The ALJ found the Bernardsville Republicans made a contribution in a contested mayoral race, which contribution was not exempt and was required to be reported. See N.J.S.A. 19:44A-8(a); N.J.S.A. 19:44A-3(c). Again, BRMC failed to present any competent evidence to support an exemption from the reporting requirement.

Similarly, we reject BRMC's contention that the ALJ and the agency disregarded Orza's affidavit, stating BRMC did not authorize any financial activity for the third and fourth quarters of 2006. BRMC presents no authority for the proposition that a political party committee chairperson must approve a treasurer's activity. Orza, as chairperson for the Bernardsville Republicans, signed a bank form authorizing Marasco, as the organization's treasurer, to conduct the entity's banking business. Orza's self-serving affidavit, contradicting the undisputed documentary evidence, fails to create an issue of material fact precluding summary judgment in favor of ELEC. See Morton Int'l v. General Accident Ins. Co., 266 N.J. Super. 300, 333 (App. Div. 1991) (rejecting plaintiff's claim that a self-serving affidavit was sufficient to preclude

summary judgment, where documentary evidence disproved the affidavit's unsupported assertions), aff'd, 134 N.J. 1 (1993).

We also reject BRMC's argument raised for the first time on appeal that ELEC's attempt to regulate exempt activity violated Marasco's right to free association. First, we agree with the ALJ's determination that the pre-June 10, 2006 activity was not exempt. Second, BRMC has no standing to assert a claim that ELEC infringed on Marasco's First Amendment rights. See Jackson v. Dep't of Corr., 335 N.J. Super. 227, 231 (App. Div. 2000) ("Ordinarily, a litigant may not claim standing to assert the rights of third parties."). This right belonged to Marasco alone.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0311-17T3