J-S33008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON ROSS SNYDER | : | |
| | : | |
| Appellant | : | No. 2097 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 27, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001171-2017

BEFORE: LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 09, 2019**

Brandon Ross Snyder appeals from his judgment of sentence, entered in the Court of Common Pleas of Schuylkill County, after a jury found him guilty of one count of access device fraud.[1] After careful review, we affirm.

In December 2016, a loss prevention employee from Lowe's Home Improvement Center (Lowe's) contacted Schuylkill County Child Development, Inc. (the Agency) regarding suspicious activity on the Agency's credit card. The Agency had issued the credit card to its employee, Robert Ditzler, to use only after he had an approved purchase order. On December 6, 2016, the Agency fired Ditzler, but Ditzler never returned the credit card to the employer.

---

[1] 18 Pa.C.S.A. § 4106(a)(1)(ii).

Almost two weeks later, from December 18-20, 2016, Snyder made purchases totaling $3,546.29 at Lowe's using the Agency credit card. For each purchase, Snyder signed his name as Robert Ditzler. On December 22, 2016, Snyder again attempted to use the credit card at Lowe's. When questioned by the cashier, Snyder presented his Pennsylvania driver's license, which identified him as Brandon Snyder. A Lowe's employee confronted Snyder regarding his authorization to use the credit card under Ditzler's name, at which point Snyder left the store, leaving the credit card and merchandise behind.

After a two-day jury trial, Snyder was convicted of access device fraud on October 25, 2018. On November 27, 2018, the trial court sentenced Snyder to eighteen to thirty-six months' incarceration in a state correctional facility. Snyder's counsel filed this timely appeal on December 27, 2018.[2]

On appeal, Snyder raises the following issues for our review:

(1) Was the evidence presented at trial sufficient to sustain a verdict of guilty as to [a]ccess [d]evice [f]raud? Specifically, did the Commonwealth prove that [] Snyder had sufficient knowledge he was not authorized to use the credit card beyond a reasonable doubt?

(2) Did the trial court abuse its discretion and/or commit an error of law by identifying [] Snyder by name and in person to a Commonwealth witness whose sole purpose for testifying was to identify [] Snyder as the alleged

_____

[2] Snyder filed *pro se* motions for post-conviction collateral relief on December 7, 2018, and January 21, 2019, however, both were premature and were dismissed on March 7, 2019. **See** Post Conviction Relief Act 42 Pa.C.S. §§ 9541-9546.

- 2 -

perpetrator of fraud, in his preliminary instructions to that witness?

(3)     Did the trial court abuse its discretion and/or commit an error of law by admitting photographic evidence, documentary evidence, and testimony proffered by the Commonwealth concerning transactions occurring on December 22, 2016, which were outside those transactions charged in the [i]nformation?

Appellant's Brief at 5.

Our standard of review of a sufficiency claim is well-settled:

Our standard for evaluating sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth [as verdict winner], is sufficient to enable a reasonable [factfinder] to find every element of the crime beyond a reasonable doubt. [T]he entire trial record must be evaluated and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. Moreover, [t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Shull***, 148 A.3d 820, 844 (Pa. Super. 2016) (citation omitted).

An individual commits access device fraud if "he uses an access device to obtain or in an attempt to obtain property or services with knowledge that the access device was issued to another person who has not authorized its use." 18 Pa.C.S.A. § 4106(a)(1)(ii). An access device is defined as "[a]ny card, including, but not limited to, a credit card . . . that can be used . . . to obtain money, goods, services or anything else of value or that can used to transfer funds." ***Id.*** at § 4106(d).

- 3 -

Initially, we note that Snyder entirely bases his argument on a hypothetical scenario which does not apply to the instant evidence, and views the facts in the light most favorable to himself—which is the incorrect standard. **See Shull**, 148 A.3d at 844; Appellant's Brief, at 9-10. Viewing the evidence in the light most favorable to the Commonwealth, as we must, **See Shull**, **supra**, we find the evidence sufficient to find Snyder guilty of access device fraud.

Snyder purchased $3,546.29 of goods using the Agency's credit card, thus satisfying the use element. 18 Pa.C.S.A. § 4106(a)(1)(ii). To show Snyder knew he was not authorized to use the credit card, the Commonwealth introduced evidence that the Agency did not authorize Snyder to use the credit card. **See** N.T. Trial, 10/24/18, at 68-69. Furthermore, Snyder's actions of signing another's name and fleeing the store when confronted about the credit card is evidence that Snyder was aware the Agency did not authorize him to use the credit card. **See Commonwealth v. Johnson**, 838 A.2d 663, 681 (Pa. 2003) (finder of fact may infer consciousness of guilt from flight and surrounding circumstances). Thus, there was sufficient evidence to sustain Snyder's conviction for access device fraud under section 4106(a)(1)(ii).

Next, Snyder argues that the trial court committed reversible error when the judge, in open court and in front of the jury, identified Snyder as the defendant.[3]

Shortly after the judge identified Snyder as the defendant, Susan Carroll, a Lowe's cashier, identified Snyder as the person who attempted to make purchases using the Agency's credit card. Snyder argues that the in court identification was inadmissible because the circumstances of the identification were highly suggestive.

Our Supreme Court has stated that:

[T]he suggestiveness of a challenged confrontation is only one factor to be considered in determining the admissibility of identification testimony. Suggestiveness alone does not warrant exclusion. Instead it is the likelihood of misidentification which

---

[3] The Honorable Charles M. Miller told Susan Carroll, a Lowe's cashier testifying for the Commonwealth:

Okay. So there's a couple rules that I tell witnesses []. And first of all, that microphone is only used -- there is a microphone there. There's one here, but we don't use those. They're only used in rare occasions. The public address system doesn't work

So what you want to do is, pull forward because Attorney Reedy and Mr. Snyder over there, who is the Defendant, Attorney Reedy represents him. Of course you know Attorney Stine and the prosecuting officer, Officer McGrath.

So it's important to keep your voice up. We don't have the air conditioning on. And at times in the back, its difficult to hear. So speak up.

N.T. Trial, 10/24/18, at 56-57.

violates a defendant's right to due process, and it is this which is the basis of the exclusion of evidence.

The reliability of a challenged identification is to be judged under a test employing the totality of the circumstances. The factors relevant to determining the reliability of the identification are:

> [T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of [her] prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Commonwealth v. Ransome*, 402 A.2d 1379, 1382 (Pa. 1979) (quotation marks and citation omitted).

Even if we were to accept Snyder's contention that Carroll's identification occurred under suggestive circumstances, we reject his claim that the identification was unreliable. Carroll directly interacted with Snyder when he attempted to purchase items at Carroll's checkout line on December 22, 2016, during which time she also inspected Snyder's Pennsylvania driver's license. Moreover, on cross-examination, Carroll stated she would have identified Snyder even without the judge's comment. *See* N.T. Trial, 10/24/18, at 65. Furthermore, photographic evidence depicting Snyder on December 22, 2016, taken from a cell phone and surveillance video, corroborated the identification. Accordingly, under the totality of the circumstances, the trial court did not abuse its discretion when it identified Snyder. *See Ransome*, 402 A.2d at 1382.

Snyder's last claim is that the trial court improperly admitted evidence from the December 22, 2016 attempted purchase, claiming it was irrelevant. Initially, we note that:

> [t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015) (quotation marks and citations omitted).

The general threshold for admissibility of evidence is relevance. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence to determining the action. Pa.R.E. 401. However, even relevant evidence will be excluded when the probative value of the evidence is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, pointlessness of presentation, or unnecessary presentation of cumulative evidence. Pa.R.E. 403. "Unfair prejudice" means a tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially. Pa.R.E. 403, comment. Evidence will not be prohibited merely because it is harmful to the defendant. *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007).

Here, the court admitted evidence from the December 22, 2016 encounter, even though all the charged crimes occurred prior to that date. However, the testimony and photographic evidence presented from December 22, 2016, is relevant to identify Snyder and to show his consciousness of guilt when he fled.  Evidence that Snyder fled on December 22, 2016, makes it more likely that he knew he was not authorized to use the card on the previous occasions.  Furthermore, witnesses testified that the same person used the credit card on December 18, 19, 20, and 22, 2016.  Thus, the testimony and photographic evidence from December 22, 2016, was highly relevant and the trial court did not err by admitting it at trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2019