J-S16012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NIGEL BROWN, | : | |
| | : | |
| Appellant | : | No. 597 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009591-2015,
CP-51-CR-0009627-2015, CP-51-CR-0011766-2015,
CP-51-CR-0012718-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NIGEL BROWN, | : | |
| | : | |
| Appellant | : | No. 599 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009591-2015,
CP-51-CR-0009627-2015, CP-51-CR-0011766-2015,
CP-51-CR-0012718-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NIGEL BROWN, | : | |
| | : | |
| Appellant | : | No. 600 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009591-2015,
CP-51-CR-0009627-2015, CP-51-CR-0011766-2015,
CP-51-CR-0012718-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIGEL BROWN, | : | |
| | : | |
| Appellant | : | No. 601 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009591-2015,
CP-51-CR-0009627-2015, CP-51-CR-0011766-2015,
CP-51-CR-0012718-2015

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 5, 2021**

Appellant, Nigel Brown, appeals from the Order entered January 16, 2019, which dismissed his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant asserts ineffective assistance of counsel, which induced Appellant to enter an unknowing and involuntary guilty plea. After careful review, we affirm.

On August 7, 2017, Appellant entered into a negotiated guilty plea to several counts of Robbery and related crimes committed between April 2015

and September 2015.[1]  In exchange for his plea, the lower court imposed an aggregate sentence of seven to fifteen years of incarceration followed by five years of probation.  In addition, the Commonwealth agreed to *nolle pros* twenty additional crimes charged.  Appellant did not file any post-sentence motions and did not appeal from the Judgment of Sentence.

On August 6, 2018, Appellant timely and *pro se* filed a Petition for collateral relief.  The PCRA court appointed counsel, who filed an Amended Petition asserting claims of ineffective assistance of plea counsel.  According to Appellant, counsel provided ineffective assistance because she failed "to file and litigate pre-trial motions; and fail[ed] to provide discovery to [Appellant]."  Amended Petition, 10/17/18, at ¶ 8.  Based on these allegations of ineffectiveness, Appellant further averred that counsel had unlawfully induced Appellant to plead guilty.  *Id.* at ¶ 9.

On December 12, 2018, the PCRA court issued notice of its intent to dismiss Appellant's Amended Petition without a hearing pursuant to

---

[1] At Docket No. 9591-2015, Appellant pleaded guilty to Robbery – Threat of Immediate Serious Bodily Injury, Conspiracy, and Possession of Instruments of Crime. 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a), 907(a), respectively.  At Docket No. 9627-2015, Appellant pleaded guilty to Aggravated Assault, Robbery – Inflicted Serious Bodily Injury, and Firearms Not to be Carried without a License.  18 Pa.C.S. §§ 2702(a)(1), 3701(a)(1)(i), 6106(a)(1), respectively.  At Docket No. 11766-2015, Appellant pleaded guilty Robbery – Take Property by Force.  18 Pa.C.S. § 3701(a)(1)(v).  At Docket No. 12718-2015, Appellant pleaded guilty to Resisting Arrest.  18 Pa.C.S. § 5104.

Pennsylvania Rule of Criminal Procedure 907. Thereafter, on January 16, 2019, the PCRA court dismissed the Amended Petition as without merit.

Appellant *pro se* appealed.[2] Appellant and the court complied with Pa.R.A.P. 1925.

_____

[2] Appellant *pro se* appealed; however, appointed PCRA counsel continues to represent him in these proceedings. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). Although this appeal has two procedural defects that implicate our jurisdiction, due to a breakdown in the judicial system explained *infra*, we decline to quash the appeal.

First, Appellant did not timely appeal from the PCRA court's January 16, 2019 Order. **See** Notice of Appeal, 2/19/19. This is a violation of Pennsylvania Rule of Appellate Procedure 903 and renders the appeal subject to quashal. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1280-82 (Pa. Super. 2011); Pa.R.A.P. 903(a) (requiring an appeal be filed within thirty days). However, we may overlook an untimely appeal when the PCRA court has not informed a petitioner of his right to appeal from the final order disposing of his petition, and of the time within which an appeal must be taken. **Commonwealth v. Liebensperger**, 904 A.2d 40, 43-44 (Pa. Super. 2006) (applying Pa.R.Crim.P. 907(4)). Here, the PCRA court's Order dismissing Appellant's Petition failed to inform Appellant of his right to appeal. We, thus, decline to quash this appeal on the basis of the Petition's untimeliness.

Secondly, Appellant filed a single Notice of Appeal identifying the four criminal dockets relevant to this case: CP-51-CR-0009591-2015, CP-51-CR-0009627-2015, CP-51-CR-0011766-2015, and CP-51-CR-0012718-2015. This is a violation of Pennsylvania Rule of Appellate Procedure 341(a). **Commonwealth v. Walker**, 185 A.3d 969, 976-77 (Pa. 2018) (requiring a separate notice of appeal filed for each docket relevant to an appeal). However, we may overlook the requirements of **Walker** when the lower court does not advise a defendant of his appellate rights or determine on the record that a defendant has been advised of his appellate rights. **Commonwealth v. Floyd**, --- A.3d ---, 84 MDA 2019 at *6-7 (Pa. Super. filed December 16, 2020) (applying **Commonwealth v. Larkin**, --- A.3d ---, 2761 EDA 2018 (Pa. Super. filed July 9, 2020) (*en banc*); **see also** Pa.R.Crim.P. 907(4) (directing the PCRA court to advise a defendant of his appellate rights by court order

Appellant raises the following issues on appeal:

1. Whether the PCRA court erred by dismissing the [Amended] [P]etition when [A]ppellant was denied his constitutional right to effective assistance of counsel based on [plea] counsel's failure to protect his constitutional rights by failing to file and litigate a pre-trial motion to suppress physical evidence[;]

2. Whether the PCRA court erred by dismissing the [Amended] [P]etition when [A]ppellant's constitutional right to substantive and procedural due process was denied by [plea] counsel's failure to provide pre-trial discovery to him[; and]

3. Whether the PCRA court erred by dismissing the [Amended] [P]etition when [A]ppellant's guilty plea was unlawfully induced based on [plea] counsel's ineffectiveness.

Appellant's Br. at 7 (reordered for ease of analysis).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). We will not disturb the findings of the PCRA court unless there is no support for those findings in the record. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). However, we give no deference to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

---

when dismissing a PCRA petition without a hearing). Here, the PCRA court's Order dismissing Appellant's PCRA Petition without a hearing did not advise Appellant of his appellate rights as required by Rule 907(4). *See* PCRA Ct. Order, 1/16/19. Thus, we decline to quash this appeal for violating *Walker*.

Appellant contends that plea counsel was ineffective. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. *Jarosz*, 152 A.3d at 350 (citing *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009)).

**1. Failure to Litigate a Motion to Suppress**

In his first issue, Appellant asserts that plea counsel provided ineffective assistance because she failed to litigate a pre-trial motion to suppress physical evidence. *See* Appellant's Br. at 11. Further, Appellant argues—for the first time on appeal—that he specifically requested that counsel file a motion to suppress, but that she failed to do so without explanation. *See id.*[3]

_____

[3] The PCRA court offered little analysis explaining its decision rejecting Appellant's first and third issues. According to the court, "[Appellant] has not established any way in which counsel was ineffective or how he was prejudiced in accepting his generous plea deal. There is no reason to believe [Appellant's] counsel was ineffective. [Appellant's] complaints are without merit." PCRA Ct. Op., 10/27/19, at 3.

- 6 -

The failure to file a suppression motion may be evidence of ineffective assistance of counsel. ***Commonwealth v. Watley***, 153 A.3d 1034, 1044 (Pa. Super. 2016). "However, if the grounds underpinning the suppression motion . . . are without merit, counsel will not be deemed to have been ineffective in failing to so move[.]" ***Commonwealth v. Ransome***, 402 A.2d 1379, 1382 (Pa. 1979) (citation omitted).

Instantly, although Appellant asserted generally that counsel provided ineffective assistance for not litigating pre-trial motions, Appellant did not identify in his PCRA Petition or Amended Petition any inculpatory evidence or legal precedent that would establish grounds to support a suppression motion. Without providing the PCRA court with any basis upon which to determine whether a suppression motion should have been raised, Appellant could not establish that counsel was ineffective for failing to raise such motion. Thus, we discern no error in the PCRA court's decision to dismiss this claim.[4]

## 2. Failure to Provide Discovery

Appellant also asserts that plea counsel was ineffective because she failed to provide him with pre-trial discovery prior to his entering a negotiated

_____

[4] Moreover, Appellant's bald assertions first raised in his Brief to this Court—that he specifically requested that counsel file a motion to suppress and that counsel denied this request without explanation—lacks any support in the record: Appellant did not include any allegation that he asked counsel to file a motion to suppress in his Petition or Amended Petition and did not proffer evidence that would support the allegation that counsel denied his alleged request.

plea. **See** Appellant's Br. at 13. According to Appellant, this failure deprived him of an inherent right to know the evidence against him. **See id.** No relief is due.[5]

The Pennsylvania Rules of Criminal Procedure require that "the Commonwealth shall disclose **to the defendant's attorney** all of the following requested items or information, provided they are material to the instant case." Pa.R.Crim.P. 573(B)(1) (emphasis added; thereafter enumerating examples of mandatory discovery). Citing this Rule, the PCRA court concluded that, "under Pennsylvania law, defendants have no independent right to their own copy of discoverable [evidence] in state court criminal proceedings when represented by counsel[.]" PCRA Ct. Op. at 4.

We discern no error in the PCRA court's conclusion. Indeed, Appellant concedes that "a criminal defendant has no independent constitutional right to his own copy of discoverable documents in a criminal proceeding when represented by counsel." Appellant's Br. at 13. Further, Appellant has never asserted that plea counsel failed to discuss the Commonwealth's evidence with

---

[5] Appellant casts these assertions in constitutional terms, suggesting without cogent analysis that counsel's failure "constitutes substantive and procedural due process violations," entitling him to collateral relief. Appellant's Br. at 13. However, Appellant fails to support this argument with citations to appropriate constitutional standards or relevant precedent. Accordingly, we deem Appellant's constitutional claim waived and decline to address it. **See Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007); Pa.R.A.P. 2119(a).

him prior to his entering a negotiated plea. To the contrary, at his plea hearing, Appellant testified that he had sufficient time to discuss his plea with counsel and that he was satisfied with the representation that he received. **See** N.T. Plea, 8/7/17, at 16. Thus, for these reasons, we conclude that Appellant's underlying claim—that plea counsel erred by failing to provide Appellant with pre-trial discovery—lacks arguable merit, and we discern no error in the PCRA court's decision to deny Appellant relief.[6]

### 3. Unlawfully Induced Plea

In his final issue, Appellant asserts that plea counsel provided ineffective assistance by unlawfully inducing him to enter an involuntary and unknowing plea. **See** Appellant's Br. at 12. Appellant's argument proceeds from the two aforementioned allegations of ineffectiveness, *i.e.*, counsel's failures (1) to litigate a motion to suppress and (2) to provide Appellant with discovery. **See id.** According to Appellant, these alleged failures "left [him] with no factual basis to make an intelligent and knowledgeable decision." **Id.**

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." **Wah**, 42 A.3d at 338 (citations omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused

---

[6] We find persuasive the prevailing precedent in Pennsylvania's federal courts that counsel has no duty to provide a defendant with his own copy of discovery materials. **See, e.g.**, **Williams v. Dark**, 844 F.Supp. 210, 213 (E.D.Pa. 1993) ("A criminal defendant has no independent right to his own copy of discoverable documents . . . when these documents have been provided to defense counsel.").

[the petitioner] to enter an involuntary or unknowing plea." *Fears*, 86 A.3d at 806–07 (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Wah*, 42 A.3d at 338-39 (citations omitted). In this context, "to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Failure to establish any one of these elements would be fatal to Appellant's claim that counsel unlawfully induced him to plead guilty. **See** *Jarosz*, 152 A.3d at 350. Here, Appellant has established none of them.

Appellant has not established that his plea was involuntary or unknowing. Appellant argues that plea counsel's alleged failures to file a motion to suppress or supply him with discovery deprived Appellant of "information necessary for a plea to be knowing and intelligent." Appellant's Br. at 12. However, as addressed above, Appellant did not establish that either of these claims warrant relief. **See supra**. Thus, these claims may not provide a basis upon which to conclude that counsel unlawfully induced Appellant to plead guilty.

Further, although Appellant asserts that counsel lacked a reasonable basis for advising him to plead guilty, he fails to explain why plea counsel's advice was unreasonable. **See** Appellant's Br. at 13. Regarding the four

dockets relevant to this appeal, Appellant faced nearly thirty criminal charges, many of which were felonies or serious misdemeanors arising from ongoing criminal conduct spanning several months. During his plea hearing, Appellant conceded that the Commonwealth accurately described his crimes. *See* N.T. Plea at 15. In agreeing to plead guilty to only eight of those charges, with the remaining charges *nolle prossed* by the Commonwealth, Appellant received a considerable benefit. Therefore, absent a more comprehensive and persuasive argument, we conclude that Appellant's bald assertion that plea counsel's advice was unreasonable is insufficient to warrant relief.

Finally, Appellant has not established prejudice. At no point—either in his Amended Petition to the PCRA court or in his argument to this Court—has Appellant asserted that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

For all these reasons, Appellant's claim that counsel unlawfully induced him to plead guilty is untenable. We therefore conclude that the PCRA court did not err in denying Appellant relief.[7]

---

[7] Finally, we note that it is well-settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa. Super. 2018) (quoting **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003); **Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999). At his plea, Appellant testified that the Commonwealth's factual summary of his criminal conduct was accurate, that he had sufficient time to discuss the charges with counsel and was satisfied with counsel's representation, and that he wished to plead guilty even after

**Conclusion**

Appellant has not established grounds for relief on any of the claims he has pursued on appeal.  As we discern no error in the PCRA court's decision to deny Appellant relief, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2021

---

discussing with counsel factual and legal defenses that may be available to him at trial.  N.T. Plea at 15-18.  These statements, made under oath before the plea court, are binding upon Appellant and further undermine his claim, in this collateral proceeding, that counsel unlawfully induced him to plead guilty.